**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK W.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Case No. 2:25-cv-00629** |
| : | **Judge Algenon L. Marbley** |
| : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF** : | |
| **SOCIAL SECURITY,** : | |
| : | |
| **Defendant.** : | |

**REPORT AND RECOMMENDATION**

Plaintiff, Frederick W., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI").   This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8).  For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I.    BACKGROUND

Plaintiff applied for DIB and SSI on September 27, 2022, alleging disability as of May 10, 2020, due to type 1 diabetes, hypertension, hypoglycemia, lumbar spondylosis, thoracic spondylosis, lumbar radiculitis, myofascial muscle pain, chronic pain, and depression/anxiety. (ECF No. 6-5, PAGEID #: 237–43; ECF No. 6-6, PAGEID #: 275.)  Plaintiff's applications were

1

denied initially on May 17, 2023, and upon reconsideration on August 21, 2023.  (ECF No. 6-3, PAGEID #: 81, 93, 130.)  Thereafter, Plaintiff appeared with counsel before an administrative law judge ("ALJ") on February 27, 2024.  (ECF No. 6-2, PAGEID #: 53–79.)

On April 25, 2024, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.* at PAGEID #: 23–42.)

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026, and applied the five-step sequential process to evaluate his DIB and SSI applications.[1]  (ECF No. 6-2, PAGEID #: 29.)

- Step One: The ALJ found that Plaintiff has not engaged in substantial gainful activity since May 11, 2020, the alleged onset date.  (*Id.*)
- Step Two: The ALJ found that Plaintiff has the following severe impairments: dextroscoliosis (left, mild); diabetes neuropathy; hypoglycemia; multi-level spondylosis; chronic pain syndrome; rotator cuff tendinitis; tarsal tunnel syndrome left side; depression; anxiety; foot tendinitis; coronary artery disease. (*Id.*)

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

- Step Three: The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

[Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can frequently push or pull with the upper and lower extremities, but never climb ladders, ropes, or scaffolds. He can perform occasional climbing of ramps or stairs, as well as occasional stooping and crawling, but frequent balancing, kneeling, and crouching. He can reach forward and laterally with the left frequently. He can also perform occasional overhead reaching with the left. The claimant can have no concentrated exposure to extreme heat and extreme cold, as well as no exposure to hazards such as use of moving dangerous machinery or exposure to unprotected heights. Additionally, the claimant can perform goal-based production where work is measured by end result and not pace work. Work is also limited to routine tasks as well.

(ECF No. 6-2, PageID # 31.)

- Step Four: The ALJ determined that Plaintiff is unable to perform his past relevant work as a welder based on the VE testimony. (*Id.* at PAGEID #: 35.)

  Step Five: The ALJ concluded that—when considering his age, education, work experience, and RFC, and in reliance on the Vocational Expert's testimony—there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as document preparation and surveillance system monitor and tube operator. (*Id.* at PAGEID #: 36.)

The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since May 11, 2020. (*Id.*)  The Appeals Council denied Plaintiff's request for review on April 7, 2025. (*Id.* at PAGEID #: 17–22.)  This appeal followed.

3

## II.    RELEVANT RECORD EVIDENCE

The Undersigned has reviewed the portions of the administrative record relevant to the claimed errors raised by Plaintiff.  Rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the

ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.    ANALYSIS

In Plaintiff's single assignment of error, he contends that the ALJ failed to properly consider the supportability factor in evaluating the opinion of Brian Higgins, D.O.  (ECF No. 8, PAGEID #: 2125–29.)  For the reasons that follow, the Undersigned disagrees and concludes that the ALJ adequately considered supportability.

"The supportability factor recognizes that '[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.'" *Kati M. v. Comm'r of Soc. Sec. Admin.*, No. 2:23-CV-04128, 2025 WL 444046, at *7 (S.D. Ohio Feb. 10, 2025), *report and recommendation adopted*, 2025 WL 1640556 (S.D. Ohio Feb. 26, 2025) (quoting 20 C.F.R. § 416.920c(c)(1)).  An ALJ's supportability analysis must address "whether the medical professional has sufficient justification for their own conclusions." *Id.* (citing *Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022)).

When addressing supportability, the ALJ should consider the extent to which a medical provider's conclusions are supported by that provider's records, "including progress notes, test results, statements from the claimant, and opinions from other medical providers." *See Kati M.*, 2025 WL 444046, at *8; 20 C.F.R. § 404.1520c(c)(1); 416.920c(c)(1).  Finally, "[a]lthough the ALJ

is not required to use the 'magic words' of 'supportability' and 'consistency' when describing their reasoning, the ALJ must still provide sufficient reasoning, scaffolded with references in the medical record to support their decision, enough for a subsequent reviewer to trace the lines of their reasoning." *Mertle v. Comm'r of Soc. Sec.*, No. 3:24-CV-00832-JJH, 2024 WL 5160189, at *8 (N.D. Ohio Dec. 19, 2024).

Here, Dr. Higgins' opinion was completed on a check-the-box form. (ECF No. 6-12, PAGEID #: 2110–11.) Dr. Higgins concluded that Plaintiff could stand/walk for less than 2 hours in an 8-hour workday, could sit for 2 hours in an 8-hour workday, would need to walk every 15–20 minutes for only 5 or 6 minutes, would need to shift positions while working and take unscheduled breaks during the work day, and would miss about 2 days per month of work due to his condition. (*Id.*) The ALJ found that Dr. Higgins' opinion was not persuasive, explaining that:

> These opinions are not persuasive, as they are inconsistent with the medical evidence of record, as they are far too extreme disabling limitations. Dr. Higgins indicates these symptoms existed since 2014 as well despite work activity well over SGA from [2014] to 2019. The claimant reported engaging in "recent 4-wheeler activities in July 2021 as well. (Ex. 3F-6). Moreover, it is inconsistent with his normal motor strength (5/5), appropriate gait, and no pain with range of motion or discomfort. He was physically active [at] home, community and work chores and tasks as well. (Ex. 3F-33, 34, 68, 69, 93, 94, 127-128).

(ECF No. 6-2, PAGEID #: 35.)

The Undersigned finds that the ALJ sufficiently articulated his analysis of the supportability of Dr. Higgins' opinion. Although the ALJ did not use the word "supportability," he adequately articulated why Dr. Higgins' opinion was not supported by his own treatment notes. *Michael R. v. Comm'r of Soc. Sec.*, No. 2:22-CV-4117, 2023 WL 6160626, at *5 (S.D. Ohio Sept. 21, 2023), *report and recommendation adopted*, No. 2:22-CV-4117, 2024 WL 688754 (S.D. Ohio Feb. 20,

2024) (finding that the ALJ "properly evaluated the supportability of [the medical provider's] opinion given the lack of objective evidence in the opinion itself and when compared to [the medical provider's] past treatment notes").

Here, the ALJ explained that Dr. Higgins' reference to "extreme disabling limitations" was inconsistent with Dr. Higgins' records documenting that Plaintiff had "normal motor strength (5/5), appropriate gait, and no pain with range of motion or discomfort" and that Plaintiff was "physically active [at] home, community and work chores and tasks as well." (*Id.* at PAGEID #: 35 (citing ECF No. 6-9, PAGEID #: 879–80, 913–14, 938–39, 973–74).) The ALJ also noted that Dr. Higgins' records indicate that Plaintiff's "symptoms existed since 2014 as well despite work activity well over SGA from [2014] to 2019," and that Plaintiff had engaged in "recent 4-wheeler activities in July 2021." (*Id.* (citing ECF No. 6-9, PAGEID #: 852).) "By pointing out that the inconsistent results did not support severe limitations, the ALJ evaluated the opinion for supportability." *Michael P. v. Comm'r of Soc. Sec.*, No. 3:25-CV-00081, 2026 WL 395287, at *9 (S.D. Ohio Feb. 12, 2026), *report and recommendation adopted*, No. 3:25-CV-81, 2026 WL 564186 (S.D. Ohio Feb. 27, 2026) (citing *Peters v. O'Malley*, No. 6:24-CV-11-REW, 2024 WL 5077599, at *4–5 (E.D. Ky. Dec. 10, 2024) (explaining that the medical provider's "opinions suffer[ed] from internal inconsistencies," which was "a valid reason for finding the opinion unsupported," as "[t]hese internal contradictions between assessment and opinion plausibly go to the heart of supportability")).

Plaintiff also challenges the ALJ's analysis of Dr. Higgins' opinion on the basis that the "ALJ was factually incorrect in claiming that Dr. Higgins' notes failed to demonstrate limited range

of motion." (ECF No. 8, PAGEID #: 2129.)  Plaintiff does not dispute that the treatment records the ALJ cites in his discussion of Dr. Higgins' opinion demonstrate instances where Plaintiff reported no pain with range of motion or discomfort. (*See, e.g.*, ECF No. 6-9, PAGEID #: 879–80 (reporting Lumbar ROM "[w]ithout significant pain or discomfort," LE ROM "[w]ithout pain or discomfort," ROM Cervical "[w]ithout pain or discomfort," 913–14 (same), 938–39 (same), 973–74 (same).)  Rather, Plaintiff points to other evidence in the record that, according to Plaintiff, demonstrates that Plaintiff experienced pain with range of motion primarily in his left shoulder. (ECF No. 8, PAGEID #: 2127–28.)

As an initial matter, although Plaintiff does not raise this issue, the Court notes that the treatment notes the ALJ cited in discounting Dr. Higgins' opinion reflect that Plaintiff reported "ROM - Upper Extremity: With discomfort especially with Hawkins test." (*See* ECF No. 6-9, PAGEID #: 879–80, 913–14, 938–39, 973–74.)  To the extent that the ALJ's recitation of the cited record evidence as demonstrating no pain with range of motion or discomfort can be considered inaccurate, the question becomes whether that inaccuracy warrants remand.  On that point, the Sixth Circuit has found that the harmless error standard is proper for credibility determinations in the social security context.  *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).  "[E]ven if an ALJ's adverse credibility determination is based partially on invalid reasons, harmless error analysis applies to the determination, and the ALJ's decision will be upheld as long as substantial evidence remains to support it."  *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 507 (6th Cir. 2013) (citing *Ulman*, 693 F.3d at 714).

Applied here, the Undersigned finds any inaccuracies harmless because the record evidence the ALJ cited in determining the persuasiveness of Dr. Higgins' opinion also contains examples of Plaintiff reporting no pain with range of motion. "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions," the Court is "not to second-guess." *Ulman*, 693 F.3d at 714. Further, the ALJ limited Plaintiff's RFC to frequent forward and lateral reaching on the left and only occasional overhead reaching with his left arm. (ECF No. 6-2, PAGEID #: 31.) In other words, the ALJ's RFC included limitations that accounted for Plaintiff's argued limited range of motion in his left shoulder.

Finally, to the extent that Plaintiff points to other record evidence not cited by the ALJ, Plaintiff may be correct that substantial evidence could also support a different evaluation of Dr. Higgins' opinion. That said, the Court "does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job." *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019). To that end, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Here, substantial evidence supports the ALJ's decision. That ends the inquiry.

In short, the ALJ adequately considered the persuasiveness of Dr. Higgins' opinion by comparing that opinion to Dr. Higgins' treatment records. The ALJ's discussion of that comparison built a logical bridge between the record evidence and his conclusions about the persuasiveness of Dr. Higgins' opinions. Accordingly, Plaintiff has not demonstrated reversible error on this point.

## V.    CONCLUSION

Accordingly, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits.  Based on the foregoing, it is therefore **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED,** and that the Commissioner's decision be **AFFIRMED.**

## VI.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)

("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

      **IT IS SO ORDERED.**


        */s/ S. Courter M. Shimeall*
        **S. COURTER M. SHIMEALL**
        **UNITED STATES MAGISTRATE JUDGE**