**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FREDERICK D. W.,** | : | |
| | : | **Case No. 2:25-cv-629** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Courter M. Shimeall** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**<u>OPINION & ORDER</u>**

This matter is before this Court on Plaintiff Frederick W.'s Objection (ECF No. 16) to the Magistrate Judge's June 30, 2026, Report and Recommendation. (ECF No. 15). Upon independent review and for the reasons stated below, the Report and Recommendation is **ADOPTED** and Plaintiff's Objection is **OVERRULED**.

## I. BACKGROUND

On September 27, 2022, Plaintiff Frederick W. applied for Disability Insurance Benefits and Supplemental Security Income alleging dextroscoliosis, diabetes, and chronic pain beginning May 10, 2020. (ECF No. 6-2 at 10). His application was initially denied and was denied again on reconsideration. On February 27, 2024, Administrative Law Judge Wang held an online video hearing to evaluate Plaintiff's case. (*Id.*). As a part of his case, Plaintiff provided a treatment source opinion from one of his medical providers, Dr. Brian Higgins, DO. This treatment source opinion, written in February 2024, outlined severe limitations for Plaintiff's ability to work.

Judge Wang's decision followed the five-step evaluation process as provided by regulations governing evaluations of disability. (*Id.* at 2–3). Applications for Disability Insurance Benefits and Supplemental Security Income both follow the same analysis outlined by 20 C.F.R.

§§ 404.1520(a)(4) and 416.920(a)(4). The five-step evaluation proceeds as follows: step one considers work activity; steps two and three assess medical severity; step four requires an evaluation of residual functional capacity; and step five examines residual function capacity, age, education, and work experience to determine if the applicant can adapt to other work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). On April 25, 2024, Judge Wang ultimately held that Plaintiff was not disabled since May 11, 2020, and Plaintiff's application for Supplemental Security Income was denied. (ECF 6-2 at 12).

Plaintiff appealed, claiming that Judge Wang's decision was not supported by substantial evidence and was contrary to law and regulation. (Compl., ECF No. 1). Plaintiff contended that Judge Wang: (1) improperly evaluated the evidence of the record; (2) made an improper residual functional capacity determination; and (3) made a finding that Plaintiff "could perform work existing in a significant number"—meaning that a significant number of jobs exist in the national economy where Plaintiff could work—which was not supported by substantial evidence on the record. (*Id.* at 2). Plaintiff's Statement of Errors clarified his position that Judge Wang failed to evaluate properly the treating source opinions offered by Dr. Higgins. (ECF No. 8 at 7). Specifically, Plaintiff claimed that Judge Wang failed to provide a reasonable analysis of the "supportability" factor regarding Dr. Higgins' opinions. Supportability is one of the factors that administrative law judges are required by regulation to consider when evaluating medical opinions: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520(c)(1), 416.920(c)(1).

The Magistrate Judge recommended that this Court affirm Judge Wang's non-disability finding and enter judgement in favor of Defendant. (ECF No. 12 at 13). The Magistrate Judge found that Judge Wang appropriately evaluated the supportability factor in evaluating Dr. Higgins' opinions. (*Id.* at 4–8).

Now, Plaintiff objects to the Magistrate Judge's findings. (ECF No. 16). Plaintiff claims Judge Wang lacked the requisite substantial evidence for his findings regarding the supportability of Dr. Higgins' medical opinions. (*Id.* at 2). He asserts that the Magistrate Judge did not address this argument, and focused instead on whether supportability was discussed at all rather than analyzing whether the supportability factor was supported by substantial evidence. (*Id.* at 2–3). Thus, says Plaintiff, this Court should reverse and award Disability Insurance Benefits and Supplemental Security Income benefits, or, in the alternative, remand to the Commissioner for an appropriate consideration of the evidence under the law. (*Id.* at 3). In response, Defendant urges this Court to adopt the Magistrate Judge's recommendation and affirm denial of benefits. (ECF No. 14 at 1–2). This matter is ripe for review.

## II. STANDARD OF REVIEW

When a Magistrate Judge issues a Report and Recommendation on a dispositive matter and a party objects, the district court "must determine" the portions of the Report and Recommendation properly objected to "de novo." Fed. R. Civ. P. 72(b)(3). Upon review, the district court "may accept, reject, or modify, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Judicial review of an administrative law judge's decision requires a reviewing court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*,

920 F. Supp. 2d 861, 863 (S.D. Ohio 2013) (Black, J.). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If the administrative law judge's decision is supported by substantial evidence, then "this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quotation omitted).

An administrative law judge's failure to apply the correct legal criteria, including appropriate rules and regulations, will result in a reversal even if the decision is otherwise supported by the evidence in the record. *Id.* at 407; *see also Bowen v. Comm'r of Soc. Sec.*, 741 F.3d 708, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004)). Failure to follow the legal requirements "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

## III. LAW & ANALYSIS

Plaintiff urges this Court to reject the Magistrate Judge's recommendation, reverse the claim, and award benefits. (ECF No. 16 at 3). In his objection, Plaintiff asserts that Judge Wang failed to support his analysis of Dr. Higgins' opinions, and thus did not support his decision with substantial evidence with respect to the "supportability" factor. (*Id.* at 2). Plaintiff argues that Judge Wang should have provided more reasoning to support his finding that Dr. Higgins' opinions are unpersuasive. (*Id.* at 2). Plaintiff accordingly objects to the Magistrate Judge's recommendation that the denial of benefits be affirmed. (*Id.* at 4).

Plaintiff's objection fails because Judge Wang did provide substantial evidence to support the finding that Dr. Higgins' opinions were unpersuasive, including on the supportability factor. Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mebane v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 718, 721 (S.D. Ohio June 10, 2019) (Newman, J.) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "is less exacting than the preponderance of the evidence standard." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the administrative law judge's decision is supported by substantial evidence, it should be upheld even if the opposite conclusion would be supported by substantial evidence. *Id.* (citing *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The ALJ has a "zone of choice" in which they may decide without the interference of the court. *Mebane*, F. Supp. 3d at 721 (citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)).

Supportability is one of the factors that administrative law judges are required to consider when evaluating medical opinions. Supportability is about internal consistency and how a medical professional's opinions align with their evidentiary observations. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520(c)(1). 20 C.F.R. § 416.920(c)(1).

Judge Wang's determination on the supportability of Dr. Higgins' opinions is supported by substantive evidence. Judge Wang reasoned:

> A treating source statement completed by Dr. Brian Higgins, DO, in February 2024, found that the claimant could stand/walk for less than 2 hours in an 8-hour workday, sit for about 2 hours in an 8-hour workday, walk for only 5 or 6 minutes, needs to shift positions while working, and would miss about 2 days per month of work due

> to his condition. (Ex. 18F). These opinions are not persuasive, as they are inconsistent with the medical evidence of record, as they are far too extreme disabling limitations. Dr. Higgins indicates these symptoms existed since 2014 as well despite work activity well over SGA from [2014] to 2019. The claimant reported engaging in 'recent 4-wheeler activities['] in July 2021 as well. (Ex. 3F-6). Moreover, it is inconsistent with his normal motor strength (5/5), appropriate gait, and no pain with range of motion or discomfort. He was physically active [at] home, community and work chores and tasks as well.

(ECF No. 6-2 at 10).

Plaintiff does not contest that Judge Wang addresses the supportability factor, just that his analysis is not supported by substantial evidence. This Court disagrees. Judge Wang's supportability analysis is supported by substantial evidence. Judge Wang found Dr. Higgins' lacked supportability because his own treatment notes seemed to contradict his recommended limitations. Dr. Higgins' limitations for Plaintiff were severe, saying Plaintiff could stand/walk for less than 2 hours during an 8-hour workday, sit for about 2 hours in an 8-hour workday, walk for only 5 or 6 minutes, needs to shift positions while working, and would miss about 2 days of work every month. (*Id.*). However, Dr. Higgins' own records document that Plaintiff had "normal motor strength (5/5), appropriate gait, and no pain with range of motion or discomfort" and note that Plaintiff was "physically active [at] home, community and work." (*Id.*). Dr. Higgins' notes also discuss "4-wheeler activities" from July 2021. (*Id.*). Taken together, this is substantial evidence supporting Judge Wang's decision to discredit Dr. Higgins' claims as lacking supportability. Dr. Higgins' conclusion is at odds with his own medical records. His opinion on Plaintiff's limitations suggests Plaintiff would be extremely limited—not someone who is physically active, has normal motor strength, and has no pain with range of motion. These conflicts underscore Judge Wang's finding. A reasonable person could easily conclude that Dr. Higgins' own notes show Plaintiff is more capable than his limitations suggest.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 13) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 28, 2026**